Virginia Peña Castro et al., Plaintiffs and Appellants, *v.* María Mendoza, Defendant and Appellee.

No. 8366. Argued March 3, 1942.—Decided March 12, 1942.

*F. González Fagundo* for appellant.    *Dubón & Ochoteco* for appellee.

Mr. Justice Travieso delivered the opinion of the court. ·

On February 8, 1930, Francisco Peña Vázquez, legitimate father of the plaintiffs, executed a public deed wherein he admitted having received from María Mendoza the sum of $3,200 as a loan; and as security for the same he mortgaged two urban properties owned by him. Mrs. Mendoza brought an action in the District Court of Humacao against the heirs of Peña to collect her mortgage credit.

In the action brought by the appellants herein against Mrs. Mendoza to annul the mortgage deed it was alleged that long before February 8, 1930, the defendant and Peña had lived under the same roof in public concubinage as husband and wife, and that during all that time the defendant was insolvent as she owned no property; that both of them conspired for the sole purpose of defrauding the plaintiffs and depriving them of their lawful right to the two urban properties mortgaged by Peña in favor of María Mendoza;

that the mortgage deed had been simulated and was executed for the said fraudulent purpose; and that María Mendoza at no time delivered any sum of money to Peña. The plain- tiffs prayed for a judgment declaring the mortgage contract void and nonexistent and the proceeding for its collection null and void.

The defendant answered and denied the essential facts of the complaint and, as special defenses, alleged: That the complaint was insufficient; that the District Court of Hu- macao was without jurisdiction, as the defendant had her domicile in Cayey, and that it had not acquired jurisdiction of the subject matter of the action brought by the plaintiffs either; that the latter had neither capacity nor personality to sue for the cancellation or nullity of the mortgage contract, even though the latter were simulated; that in said contract the elements of consent, object, and consideration were pre- sent, and there was involved an actual loan; that even in the event that such loan had not been effected, there was still a consideration for said contract: the liberality of the plain- tiffs' predecessor in interest towards the defendant; that the action brought had prescribed under § 1253 of the Civil Code (1930 ed.); that the plaintiffs are precluded from seeking the nullity of the instrument by virtue of the deed executed and acts performed by the predecessor in interest (estoppel by deed and acts).

At the trial, after the close of the plaintiff's evidence, the defendant presented a motion for nonsuit which was sus- tained, whereupon a judgment was rendered dismissing the complaint and adjudging the plaintiffs to pay the costs and attorney's fees.

In support of their appeal plaintiffs urge that the lower court erred, first, in sustaining the motion for nonsuit and dismissing the complaint; and, second, in holding that at the time of the death of Francisco Peña the action had prescribed.

Did the lower court err in sustaining the motion for nonsuit? Was the evidence submitted by the plaintiffs so

insufficient as to render unnecessary the introduction of evidence by the defendant? Let us see.

The mortgage deed submitted in evidence by the plaintiffs contains the following clause:

"*First:* Don Francisco Peña acknowledges having received from Doña María Mendoza the sum of $3,200 at 12 per cent per year, which sum he promises to return on February 26, 1932, the interest thereon to be paid by the mortgagor to the mortgagee at the end of each month."

In paragraph 4 of the complaint, after alleging that the mortgage deed was executed by the parties living in concubinage for the purpose of defrauding the plaintiffs of their right to inherit the mortgaged property, said plaintiffs further alleged "that María Mendoza at no time delivered any sum of money to decedent Francisco Peña Vázquez as a loan, and that she had lived with him on the described property until his death, and that she was fully insolvent on February 8, 1930, and subsequent thereto."

It does not appear from the record that the plaintiffs had submitted any evidence regarding the alleged insolvency of Mrs. Mendoza at the time of the execution of the mortgage deed or afterwards or in support of their allegation that no sum had been delivered by Mrs. Mendoza to Peña. The oral evidence tended to show only that she and Peña had lived together under the same roof and in such way as to indicate that they were living as husband and wife and continued living in the same way until Peña's death. The plaintiffs, however, insist that from the language of the first clause of the aforesaid mortgage deed the rebuttable presumption arose that no purchase price or its equivalent was involved in the contract and, therefore, that the contract was void and non-existent for want of consideration; and that, this being so, it was incumbent upon the defendant to prove the fact alleged in her answer that she had actually delivered to Peña the amount of the loan which the latter had secured by mort-

gage. In support of their contention they cite the cases of *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830; § 1249 of the Civil Code (1930 ed.), and § 40 of the Mortgage Law; *Colón* v. *Schluter,* 48 P.R.R. 859, and *Sosa* v. *Fidalgo,* 56 P.R.R. 48.

The defendant-appellee maintains that, as the plaintiffs are not creditors of Peña, they have no right of action to annul the contract on the ground that the same has been executed in fraud of creditors, and therefore no application lies of § 1249 of the Civil Code or of § 40 of the Mortgage Law.

The action prosecuted by the plaintiffs rests on the alleged nullity, for lack of consideration, of the loan contract secured by mortgage embodied in the deed executed on February 8, 1930. They allege that said contract never had any legal existence, inasmuch as the defendant never lent any sum to plaintiffs' predecessor in interest, and they invoked, as the sole proof of such alleged lack of consideration, the legal presumption which, according to them, arises from the language of the first clause of the deed in question.

The contention of the defendant-appellee is sustained by the law and the decisions.

Two of the disputable presumptions enumerated in §464 of the Code of Civil Procedure (1933 ed.), unless controverted by other evidence, favor the defendant. They are:

"19. *That private transactions have been fair and regular.*

" *   *   *   *   *   *   *

"38. That there was a good and sufficient consideration for a written contract."

The plaintiffs, as already stated by us, failed to introduce any evidence tending to controvert the above two legal presumptions. And according to the very decisions on which they rely, the presumption invoked by them is only available to a creditor. Section 1249 of the Civil Code (1930 ed.) provides: "Contracts by virtue of which the debtor alien-

ates property, for good consideration, are presumed to be executed in fraud of creditors.'' A reading of §§ 39 and 40 of the Mortgage Law is sufficient to conclude that its provisions are applicable only to actions that are available to creditors who seek the cancellation of donations, conveyances, constitution or waiver of real rights executed by a debtor, which shall be presumed in fraud of creditors, ''provided there was no price, or its equivalent, or any preexisting past-due obligation.'' It is only in cases of conveyances to defraud creditors that the presumption arises that there was no price or its equivalent if the notary does not certify to its payment.

The plaintiffs are not creditors of the deceased; they are his heirs. As such heirs they are only entitled to challenge a gratuitous disposal of property made by their predecessor in interest if the property disposed of should exceed the one-third disposable portion of the estate. Sections 576 and 578 of the Civil Code (1930 ed.). In the case at bar it has been neither alleged nor shown that the value of the mortgaged lots exceeded such portion of the hereditary estate of which Peña could freely dispose in accordance with the law.

As we have concluded that the lower court did not err in sustaining the motion for nonsuit, we do not deem it necessary to discuss the second assignment.

The judgment appealed from must be affirmed.